UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL BROWN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-01878 (VLB) |
| BRADCO SUPPLY CORP., | : | |
|     Defendant. | : | August 1, 2007 |

MEMORANDUM OF DECISION
DENYING DEFENDANT'S MOTION TO DISMISS [Doc. #10]

The plaintiff, Michael Brown, filed a complaint against the defendant, Bradco Supply Corp. ("Bradco"). Brown claims, inter alia, that Bradco wrongfully terminated his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, 42 U.S.C. § 1981; and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-51 et seq. Pursuant to Fed. R. Civ. P. 12(b)(6), Bradco has filed a motion to dismiss for failure to state a claim upon which relief can be granted. For the reasons given below, the motion to dismiss is DENIED.

Brown alleges that he began working for Bradco in October 2005 on a temporary to permanent basis, and that his supervisor, Tyson Wirtzberger, directed racial slurs toward him. Brown's complaint states: "On January 20, 2006, [Brown], having successfully completed his temporary employment assignment, completed and turned in to [Bradco] an application for full time permanent employment . . . ." [Doc. #1, ¶27] On January 25, 2006, while his

application was still being processed, Brown told a manager, William Evasick, about Wirtzberger's conduct.  Brown had recorded Wirtzberger's racial slurs on tape and played the tape for Evasick, who told Brown to destroy it.  Brown's complaint continues:  "Evasick then promised [Brown] that he would need two business days to address the plaintiff's complaint, and that the plaintiff should complete his current job assignment."  [Doc. #1, ¶32]  On January 27, 2006, Brown submitted a written statement to Bradco about Wirtzberger's conduct.  According to Brown's complaint, Bradco then "terminated [Brown's] job assignment and refused to hire [Brown] to a full time permanent position."  [Doc. #1, ¶35]

Bradco moves to dismiss Brown's wrongful termination claims on the ground that Brown's complaint fails to allege that he was employed by Bradco when he was allegedly terminated wrongfully on January 27, 2006.  "In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, [the court] accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party. . . .  In general, [the court's] review is limited to the facts as asserted within the four corners of the complaint . . . .

"The Federal Rules of Civil Procedure require that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Fed. R. Civ. P. 8(a)(2).  Under this simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under

any set of facts that could be proved consistent with the allegations. . . . [The court] therefore must construe the complaint liberally . . . ." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).

Bradco focuses on paragraph 27 of Brown's complaint, which states that Brown "successfully completed his temporary employment assignment" on January 20, 2006. [Doc. #1, ¶27] In Bradco's view, Brown could not have been terminated wrongfully on January 27, 2006 because he had "completed" his employment seven days earlier. Despite the use of the word "completed" in paragraph 27, however, paragraph 32 of Brown's complaint indicates that on January 25, 2006, Evasick told Brown to "complete his current job assignment." [Doc. #1, ¶32] Paragraph 35 then indicates that Bradco "terminated [Brown's] job assignment" on January 27, 2006. [Doc. #1, ¶35]

The Court must construe the complaint liberally and draw all reasonable inferences in favor of Brown. Considering paragraphs 27, 32, and 35 together, it is reasonable to infer that Brown had a certain job assignment up to January 20, 2006, and then had a different job assignment thereafter. Bradco's focus on paragraph 27 alone fails to take into account the overall context of Brown's complaint. The Court concludes that Brown's complaint alleges that he was employed by Bradco when he was terminated on January 27, 2006. Therefore, Brown's wrongful termination claims cannot be dismissed.

Bradco's motion to dismiss is DENIED.

IT IS SO ORDERED.

_____/s/_____
**Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: August 1, 2007.**